Jason M. Ingber Esq. (SBN: 318323)
**INGBER LAW GROUP**
3580 Wilshire Blvd., Suite 1260
Los Angeles, California 90010
T: (310) 270-0089
ji@jasoningber.com

Attorney for Plaintiff Dimitri Kermani

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Dimitri Kermani, individually and on behalf of himself and all others similarly situated,<br><br>        *Plaintiff*,<br><br>v.<br><br>Williams-Sonoma, Inc., a California corporation, Rejuvenation Inc., a subsidiary of Williams-Sonoma, Inc., and DOES 1-10,<br><br>        *Defendants*. | CASE NO:<br><br>**CLASS ACTION COMPLAINT**<br><br>**(1) FRAUD**<br><br>**(2) FALSE ADVERTISING**<br><br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

# INTRODUCTION

**COMES NOW**, Plaintiff Dimitri Kermani ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Defendants Williams-Sonoma, Inc., Rejuvenation (collectively, "Defendants"), and DOES 1-10, on information and belief, formed after reasonable inquiry under the circumstances:

# JURISDICTION AND VENUE

1. This class action is brought pursuant to the California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

2. This Court has jurisdiction over this action pursuant to Fraud and False Advertising (Cal. Bus. & Prof. Code § 17500).

3. Venue is proper in this Court because, upon information and belief, Defendants maintain offices, have agents, and/or transact business in the State of California, including the County of Los Angeles. The majority of the acts and omissions alleged herein relating to Plaintiff took place in the State of California, County of Los Angeles.

///

///

///

# PARTIES

4. Plaintiff Dimitri Kermani is, and at all times relevant to this action was, a resident of Bozeman, Montana, residing at 324 N. 3rd Ave., #1, Bozeman, MT 59715.

5. Defendant Williams-Sonoma, Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business in San Francisco, California. Williams-Sonoma, Inc. owns and operates several retail brands, including Rejuvenation, which engages in substantial business throughout the United States, including within the Central District of California.

6. Defendant Rejuvenation is a wholly-owned subsidiary of Williams-Sonoma, Inc., with its principal place of business in Portland, Oregon. Rejuvenation sells furniture, home goods, and other household items through its retail stores and online platform to consumers throughout the United States, including within the Central District of California.

7. Plaintiff is currently unaware of the true names and capacities of Defendants DOES 1 through 10 and therefore sues them under such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when they are ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

///

///

///

# FACTUAL ALLEGATIONS

8. On or about August 30, 2024, Plaintiff visited the Rejuvenation website, owned and operated by Defendants, in search of a Steele-branded laundry hamper.

9. Defendants prominently advertised "Free Shipping Site-Wide" on their website, and Plaintiff, relying on this representation, proceeded to select the product and size he intended to purchase. At all stages of this process, the website continued to display the "Free Shipping Site-Wide" promotion with no visible or readily accessible exclusions.

10. Plaintiff added the selected item to his shopping cart and applied the promo code "freeship" as instructed. Despite Defendants' express representation of free shipping, a shipping fee of $159 was still being charged in the shopping cart.

11. Plaintiff immediately contacted Rejuvenation's customer service department. The customer service representative, upon confirming the details of the item and the promotion, agreed that the item should indeed qualify for free shipping, per the promotional terms displayed online.

12. The representative assured Plaintiff that if he proceeded with the purchase, he could subsequently obtain a refund for the shipping fee by contacting their business line. In reliance on this assurance, Plaintiff completed the purchase.

13. Upon contacting the business line as instructed, Plaintiff was transferred multiple times between representatives. He was finally informed that the initial customer service representative had made a mistake and that the item was not eligible for free shipping due to its weight—a restriction that was not disclosed on the product page or any easily accessible section of the website.

14. Plaintiff then reviewed Defendants' "Exclusions" page as directed by the representative. This page contained no mention of any exclusions for heavy items, and in fact, the exclusions were limited to items ending in "$.97" or "$.99" as

being non-returnable. There was no mention of weight restrictions or shipping limitations for the Steele-branded laundry hampers or any similar products.

15. Plaintiff attempted to resolve the matter with a supervisor, providing photographic evidence and a video demonstrating that the website did not include any relevant exclusions. Despite these efforts, Defendants refused to honor their promotional terms, instead offering a discount on the shipping fee, which Plaintiff declined.

16. Defendants' conduct demonstrates a deliberate scheme to mislead consumers into making purchases based on promises of "Free Shipping" that they did not intend to honor, thereby deceiving consumers and unjustly enriching themselves at the expense of consumers.

17. As a direct result of Defendants' conduct, Plaintiff and other consumers have suffered economic damages and emotional distress, as they were induced to make purchases under false pretenses and had their complaints and requests for rectification disregarded.

18. Plaintiff has time-stamped photos, screenshots, and video evidence showing that Defendants misrepresented the availability of free shipping and that the exclusion information provided was insufficient, vague, and misleading.

19. On information and belief, Defendants have engaged in similar conduct with numerous other consumers across the United States, systematically charging shipping fees despite advertising "Free Shipping Site-Wide" without disclosing the true terms of the promotion.

///

///

///

///

# CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action on behalf of himself, and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure, or as otherwise appropriate under California law. The Class is defined as:

**All individuals in California who, within the last four years, purchased products from Rejuvenation under the representation of "Free Shipping Site-Wide" and were subsequently charged for shipping.**

21. Plaintiff's claims are typical of the claims of the Class, and he will fairly and adequately represent and protect the interests of the Class.

22. The class is ascertainable, and there is a well-defined community of interest in the litigation:

   a. **Numerosity:** The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals, and the identity individuals who were charged shipping fees despite Defendants advertising "Free Shipping Site-Wide" is readily ascertainable by inspection of Defendants' records.

   b. **Typicality:** Plaintiff's claims are typical of all other class members' claims as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom Plaintiff has a well-defined community of interest.

   c. **Adequacy:** Plaintiff will fairly and adequately protect the interests of each class member, with whom Plaintiff has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys,

the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d. **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e. **Public Policy Consideration:** A class action will serve the public interest by holding Drop Technologies Inc. accountable for widespread unlawful practices and ensuring that all affected consumers receive appropriate remedies. It will also deter similar conduct by Williams-Sonoma, Inc., Rejuvenation (collectively, "Defendants"), and DOES 1-10 and other companies in the future.

f. **Commonality:** Common questions of law and fact exist, including:
   a. Whether Defendants falsely advertised "Free Shipping Site-Wide" without disclosing material exclusions;
   b. Whether Defendants' actions constitute fraud;
   c. Whether Plaintiff and the class members are entitled to damages, restitution, and/or injunctive relief.

## CAUSES OF ACTION
## FIRST CAUSE OF ACTION
### FRAUD
**(Against Williams-Sonoma, Inc., Rejuvenation and DOES 1-10)**

23. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

- 7 -
**COMPLAINT**

24. Defendants knowingly and intentionally misrepresented that the product Plaintiff purchased was eligible for free shipping.

25. Defendants intended to induce Plaintiff and class members to rely on these misrepresentations and make purchases they otherwise might not have made.

26. Plaintiff and the Class reasonably relied on Defendants' misrepresentations, believing that they would receive free shipping as advertised.

27. As a result of Defendants' fraudulent conduct, Plaintiff and the Class members have suffered damages, including payment of unexpected shipping fees and related losses.

28. Defendants' conduct was malicious, willful, and oppressive, entitling Plaintiff and the Class to punitive damages.

## SECOND CAUSE OF ACTION
## FALSE ADVERTISING
## (Cal. Bus. & Prof. Code § 17500)
## (Against Williams-Sonoma, Inc., Rejuvenation and DOES 1-10)

29. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

30. Defendants engaged in false advertising by promoting "Free Shipping Site-Wide" without disclosing relevant exclusions that materially affected the terms of the promotion.

31. Defendants knew or should have known that their advertising was false or misleading, as their customer service representatives confirmed the applicability of free shipping multiple times before ultimately refusing to honor it.

32. Defendants' false advertising was intended to deceive the public and induce consumers to make purchases they might not have otherwise made.

33. As a direct and proximate result of Defendants' conduct, Plaintiff and the Class have suffered damages and are entitled to restitution and injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself, and all others similarly situated, prays for relief as follows:

1. Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

2. Designation of Plaintiff as the Class Representative and her counsel as Class Counsel;

3. Compensatory damages, including actual, statutory, and punitive damages as allowed by law;

4. Restitution and disgorgement of all profits obtained by Defendant as a result of their unlawful, unfair, and fraudulent practices;

5. Injunctive relief requiring Defendant to cease their unlawful, unfair, and fraudulent practices related to Plaintiff and the class;

6. A declaration that Defendants' actions constitutes fraud;

7. An order enjoining Defendant from further violations of Cal. Bus. & Prof. Code § 17500;

8. An award of actual damages to Plaintiff and the class, including damages for emotional distress, mental anguish, and financial harm;

9. An award of statutory damages to Plaintiff and the class, as provided under the Cal. Bus. & Prof. Code § 17500;

10. An award of punitive damages as permitted by law for Defendants' willful and malicious conduct;

1    11. Attorneys' fees and costs of suit as provided by law, including under the
2  Cal. Bus. & Prof. Code § 17500;
3    12. Pre-judgment and post-judgment interest at the maximum rate permitted by
4  law;
5    13. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**PLAINTIFF**, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

DATED: October 18, 2024

*Jason Ingber*
Jason M. Ingber, Esq.
**INGBER LAW GROUP**
Attorney for Plaintiff